Filed 6/19/15  Reyes v. Sabha CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| VILMA GLORIA REYES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MOHAMMAD SABHA,<br><br>    Defendant and Appellant. | B256286<br><br>(Los Angeles County<br>Super. Ct. No. BC482927) |

        APPEAL from a judgment of the Superior Court of Los Angeles County,
Ernest M. Hiroshige, Judge.  Affirmed.

        Law Offices of Bennett Kerns and Bennett Kerns for Plaintiff and Respondent.

        Law Office of Sam H. Nordean and Sam H. Nordean for Defendant and Appellant.

                        _____

Mohammad Sabha, doing business as Rainbow Auto Sales, sold a used car to plaintiff Vilma Gloria Reyes. The sale was handled by Sabha's sales representative, identified in the record simply as "Hugo." The trial court found that Hugo induced Reyes to buy the car on time through a loan by a financing company. The vehicle was defective, and Reyes eventually stopped making payments on the car, leading to the lender repossessing the car. Reyes sued Sabha for breach of contract and fraud. The case was tried to the court without a jury. The court found in favor of Reyes, awarding damages for breach of contract and fraud. It awarded punitive damages based on fraud. The trial was not reported, and the record before us consists almost exclusively of the trial court's statement of decision, the judgment itself, and the briefing of the parties. On this record we find no error, and affirm the judgment.

## DISCUSSION

On appeal we apply the basic presumption in favor of the judgment: "A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error." (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 355, p. 400.) Since the record on appeal lacks a reporter's transcript, we must and do rely on the trial court's statement of decision, which was requested by the parties and prepared pursuant to Code of Civil Procedure, section 632.

The trial court received trial briefs from both sides, then, after trial, it called for further briefing, particularly with respect to arguments made by defendant. After this briefing was received, the court announced its ruling and asked respondent's counsel to prepare a proposed statement of decision. Ultimately the court adopted that draft, with a single material change: it deleted a paragraph that would have increased the amount of punitive damages for fraud.

2

The following summary of the evidence is taken from the trial court's statement of decision. In selling the vehicle, a 2001 GMC Yukon used automobile, to Reyes, Hugo told her she was "getting a good deal" except for two problems which he would see were fixed: a broken radio button (or buttons) and the outside lock on a passenger door. It was an "excellent car," according to Hugo, and there was no need for a test drive. Besides that, he could not allow the car to be test driven on a freeway before purchase because "they did not have insurance." The Rainbow Auto facility itself was a busy dealership with many used cars on its lot for sale. Reyes wanted to pay cash for the car if she could get a discount for doing so, but Hugo persuaded her to switch to a financing arrangement under which she was required to pay interest at the "exorbitant" rate of 21 per cent.

Reyes purchased the car as Hugo had urged, and asked her nephew to drive it home on a freeway, which he did. Arriving home, the nephew told Reyes the car shook repeatedly and did not drive smoothly. Reyes immediately complained to Hugo and the dealership, but was not satisfied with the response she received. According to the statement of decision, "This was just the beginning of her nightmare experience regarding this automobile," and to the extent the dealership was willing to fix any of the problems, it was only on the basis of Reyes's paying half the price for its doing so. It turned out that there were many mechanical defects to the vehicle. The vehicle was, in fact, "seriously defective" when sold to Reyes, and Hugo's representation that it was in "good condition" amounted to an intentional concealment of the defects.

The trial court found Reyes's testimony "very credible as to the manner in which she was treated; the damages she suffered; and the misrepresentations by Hugo of the condition of the automobile she purchased." By the time of trial Hugo was no longer employed by the dealership and could not be located. Defendant presented its general sales manager, Miguel Lopez, in a "weak attempt" to deny that Hugo had misrepresented, but the court found no believable evidence that Lopez was present during the sales pitch by Hugo or why Reyes's request to test drive the vehicle was denied.

The trial court next addressed several of the arguments made by appellant in the briefing. Appellant argued Reyes could have walked away from the deal at any point,

3

and was not forced to buy the vehicle. Reyes was influenced to buy the car by Hugo's misrepresentations. She also could have had the vehicle inspected by a mechanic, but, relying on Hugo's misrepresentations, she did not. The trial court stated that it is common knowledge that a person who buys a used vehicle from an apparently reputable dealer lacks the money and time to have it inspected. The fact that Reyes did not do so did not excuse Hugo's fraud. Appellant argued the contract had an integration clause, but no such language appears in the contract as received in evidence and, even if it did, it would not excuse the fraud.

The court awarded $8,795.44 in contract damages, which is the amount Reyes requested in her briefing.

Turning to punitive damages, the court found not only fraud but also oppression and malice, proven by clear and convincing evidence. The court discussed the switching Hugo carried out from a cash to a credit purchase, and "[g]iven the methodical manner in which Hugo was operating, it is reasonable to assume that he was trained by Rainbow Auto to switch buyers into their financing arrangement so they could gain further financial benefit for the dealership and sales person without regard to any financial detriment to the consumer." Overall, the sales technique used by Hugo and the switch were "oppressive" and "malicious" actions by the dealership toward less educated and unsophisticated clientele.

The court also addressed and rejected other arguments advanced by appellant to the effect that Reyes's position should not be credited. It concluded that, "Given the sophisticated manner in which Rainbow Auto was equipped and operated to get the maximum money out of the unsuspecting consumer, here plaintiff, the Court originally found that $35,000 in punitive damage should be awarded to plaintiff." But the court struck the next paragraph which would have provided that on reconsideration, that amount should be raised by $5,000 to $40,000.

The court also adopted the legal reasoning and factual discussion by plaintiff's counsel as an additional basis for its statement of decision. In that discussion, counsel rebutted appellant's arguments that Reyes had driven the car for some time, was naive

4

and unsophisticated, and relied on Hugo's reputation and promises about the vehicle. The court also explained the lack of credibility in some of Lopez's testimony, such as offering Reyes a free battery.

In his briefing before this court, appellant attempts to reargue the facts, and criticizes the statement of decision prepared by Reyes's attorney as "rife with mischaracterizations of the evidence and other closing-argument type statements." But we are bound by the resolution of evidentiary issues by the trial court. Appellant argues, in effect, that Reyes got no more than should have been expected in buying a 10-year-old used car with 154,695 miles on it. He refers to "the buyers guide" (not otherwise identified) which lists defects that may occur in a used vehicle, and claims it is "inconceivable that a car in as bad a shape as Reyes claims could be driven on a regular basis for any length of time." But, again, these are factual arguments which should be, and apparently were, made to the trial court.

Appellant also argues that the car was sold "as is." The record before us does not include the contract, although Reyes does not dispute that this provision is in the agreement. But, as the trial court found, it is obviated by Hugo's assurances and misrepresentations to Reyes.

In sum, the record before us supports the conclusions of the trial court and affords no basis by which we may second guess its decision.

## DISPOSITION

The judgment is affirmed. Respondent Reyes shall have her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, P. J.

We concur:

MANELLA, J.                    COLLINS, J.

5